John K. Green *vs.* George W. Burnet.

In Special Term, December 1854.

GHOLSON, J. presiding.

### JOHN K. GREEN *vs.* GEORGE W. BURNET.

The Code expressly leaves it optional with the plaintiff to join in the same action parties, who are severally liable on a bill of exchange or note. An obligation to sue all the parties is nowhere imposed.

When the acceptor of a bill, though a surety, is sued alone, he cannot, upon motion, after judgment, obtain a stay of execution, and require the plaintiff to make the principals parties, so that they may first be proceeded against by execution.

*Semble,* that under Section 500 of the Code, in such an action the defendant might set up, in the nature of a counterclaim, the equitable right to have the liability discharged by the principals, making them parties thereto, if no unreasonable delay of the plaintiff's rights was thereby caused.

It may be the right of the defendant by *action* to bring the parties before the Court, but he can impose no such duty on the plaintiff.

This action was brought against the defendant as the acceptor of a bill of exchange, of which Gregory & Burnet were the drawers. The bill was payable to the order of the plaintiff. Gregory & Burnet were not sued. No defence was made by the defendant, and, on a former day of the term, a judgment was entered against him for the amount due.

A motion was made by the defendant, that a stay of execution be ordered, and that the plaintiff be required to make Gregory & Burnet parties to the action, so that, they, (being, as the defendant alleged, the principals, the bill having been accepted by him for their accommodation,) might be first proceeded against by execution.

GHOLSON, J.

The Code, Section 500, provides that "a surety may maintain an action against his principal, to compel him to discharge the debt or liability for which the surety is bound, after the same has become due." To this action the principal debtor would, I think, be a proper party. Had the defendant in this case set up, in the nature of a counterclaim, the equitable right to have the liability discharged by the principal debtors, making them parties thereto, I am not prepared to say, it might not have been sustained. The position in which the names stand on the paper, would, on principles of equity, constitute no obligation; and if no unreasonable delay were interposed to the just right of the plaintiff, it is difficult to see, how he could object to receiving his money from the party, or the property of the party, justly liable for its payment.

There is, certainly, much more in the provisions of the Code, and it appears more reasonable, to allow such a remedy as the one I have suggested, than the summary proceeding, and that after judgment, which is now sought to be adopted. The Code expressly leaves it to the option of the plaintiff to join in the same action the parties severally liable on a bill or note, (§ 38;) the only penalty for unnecessarily bringing more than one action, is the payment of costs (§ 555.) An obligation to sue all the parties is nowhere imposed. It may be a right of the de-

fendant by action to bring the parties before the Court, but he can impose no such duty on the plaintiff.

The defendant, if a surety, may now have a right of action to compel his principals to discharge the debt; that he may not be able to make it available in sufficient time is a misfortune, but it is one to be relieved against which, as to a plaintiff in the position in which the present plaintiff stands, would require a showing of circumstances which do not appear in this case. Whether such relief could in any case be had, I need not decide. I cannot grant it in the way now proposed, and the motion must be overruled.

WORTHINGTON and MATTHEWS for motion. CORY contra.