## BOARD COM'RS JEFFERSON CO. v. W. B. SWAIN.

### *Error from Jefferson County.*

ATTACHMENT.—Where one of two contractors is a resident of the state, and the other is a non-resident, an attachment may be sued out and maintained against such non-resident, under the provisions of the statutes of this state.*

This action was brought by the plaintiffs in error against the defendant in error, and one Graham, upon a joint contract to construct a county building, Graham being a resident and the defendant in error a non-resident of the state. An affidavit was filed for an attachment against the non-resident, and under an attachment issued thereon, the joint property of the two was taken. No service of summons was had upon Graham, nor did he appear in the case. On motion, the court below dissolved the attachment, to review which order the case is brought to this court.

*H. Keeler, S. S. King* and *C. K. Gilchrist,* for plaintiff in error.

*J. B. Johnson, Day* and *Houts,* for defendant in error.

*For plaintiffs in error,* it was maintained:

1. The law in force at the time the obligation sued on was entered into with Jefferson county, provides: " All contracts which by the common law are joint only, shall be construed to be joint and several." [*Comp.*

---

*JOINT DEBTORS: ACTIONS AGAINST.—Suits may be prosecuted against any one or more of several joint obligors or co-partners at the option of plaintiff.

PRACTICE: ATTACHMENTS.—Semble, our proceedings in attachment as to parties and pleadings are governed by the same rules as other actions under the code.

*Laws.*, 351, § 1.] ·The obligation was that of either or both. If, therefore, Swain was a non-resident, ·and· the record shows it to be admitted, then the attachment was right. The power to charge him on his· contract alone must of· necessity draw along with it the power to obtain jurisdiction of his property by attachment. ·It would·'be a solecism to say that the bond shall be construed as several and assert that a remedy on·its·breach lie only against both. The *lex loci* enters into and forms ·a part of the contract. *Bronson v. Kinzie*, 1 *How.*,· *U. S.*, 311; *Gen. Stat.*, 1868, 644, § 79.

2. But suppose the bond is joint, is the defendant's shield less easily penetrated. · By the fourth section of the same act it is provided: "In all cases of joint obligations and joint assumptions of co-partners or others, suits may be brought and prosecuted against any one or more of those who are liable. [*Comp. Laws*, 351, § ·4; *Gen. Stat.*, 183.] It is not contended that Swain is not liable. He was liable. The plaintiff, therefore, had his election, and chose the non-resident, and it does not lie in his power to compel the plaintiff to sue any one else along with him. The right and the remedy ought to be co-extensive, they are·made so by the sharpest terms of the statute. Nor does it matter that the property attached is the joint property of Graham·and Swain. This fact proves our case. We must compel Swain to ·respond in this suit, not by reason of having jurisdiction of his person, for he is beyond the process of the court,·but by seizing his property. This case is to be distinguished from a ·motion to discharge the property or any part thereof from the attachment. For it is held that "It is not competent for·the defendant to move to discharge·the attachment on the ground that the property attached does not·belong to him." *Langdon v. Conklin*, 10 *O. S.*, 437.

3. The books abound with expressions that attachment laws should be strictly pursued and construed. The code furnishes its own canon of interpretation. § 2, *Civil Proc., Gen. Stat.,* '68, 631.

4. The attachment law is plain and needs no construction from any court. It provides: "The plaintiff in a civil action for the recovery of money, may, at or after the commencement thereof, have an attachment against the property of the defendant and upon the grounds herein stated, First, when the defendant is a foreign corporation or a non-resident of this state." *Gen. Stat.,* 1868, 644, § 190.

It was insisted below that the word the, before the word defendant, indicated the construction to be put upon the provision; that as the adverse party to plaintiff is known as the defendant, [*Gen. Stat.,* 631, § 11,] and hence that both defendants must be non-residents. This reasoning is not conclusive. The spirit of the code is to give a remedy against a defendant who is a non-resident. Words importing the singular number only may be extended to several persons or things; and words importing the plural number only may be applied to one person or thing. [*Gen. Stat.,* 990, § 1.] The words the defendant may mean one or more. The rational interpretation therefor would be, viewed in the spirit of the code, that the party, plaintiff, may have his attachment against the defendant, who is a non-resident, and take his summons against the others, who are residents. It could not have been the intention of the legislature to use the words "the defendant" in the restricted sense contended for. It is casual. In the New York code, [§ 227, *Voorhies' Code,* 414,] the words "a defendant" are used. We also find in this code [*id.,* 85, § 70] that "the party complaining shall be known as the plaintiff, and the adverse party as the

defendant." The decisions in the different courts of New York show that the distinction contended for in the case at bar has been expressly overruled there. *Stoughtonberg v. Vandenberg*, 7 *How.*, 229; *Brewster v. Honigsberger*, 2 *Code R.*, 50; *Baird v. Walker*, 1 *id.*, *N. S.*, 329; 12 *Barb.*, 298; *Goll v. Hinton*, 8 *Abb.*, 120; *Sears v. Gearn*, 7 *How.*, 383; *Voorhies' Code*, 416, *Note B;* see also *Brewster v. Honigsberger*, 2 *Code R.*, 50; *Goll v. Hinton*, 8 *Abb. Pr.*, 120; *Anon*, 1 *Duer*, 662.

This decision appears, according to Voorhies, to have been recognized in 2 Duer, 540, and 3 Kernan, 259, and followed.

The fact that Graham is not served makes our case stronger than the New York cases, when taken in connection with our law concerning contracts heretofore quoted, for we have under it power to proceed against any one defendant liable. This we have done.

There is no impediment in our attachment law visible which will prevent this attachment being upheld. *Civil Proc.*, § 193.

A joint interest in these warrants is a right, is a credit, and is effects of the defendant Swain, and these, the law above referred to says, may be attached. See also § 222 *and Subd.* 9, § 1, *Gen. Stat.*, '68, 998.

The cases in the Ohio reports were predicated on the peculiar provisions of the old statute of Ohio, and have no application to the Ohio code as it now stands, or to our code. The case of Taylor, *et al.*, v. McDonald [4 *Ohio R.*, 147] was made to turn on the fact that the debtors were jointly liable on the contract, and to the same effect is Bowdoin v. Hanford, [4 *Ohio R.*, 132.]

Our statute [*Gen. Stat.*, '68, 183, § 4] obviates any difficulty which these decisions are supposed to interpose.

There is no case in point, nor any case where the

analogies of the law bear upon either side of this question, found in our own Supreme Court reports. But on an examination of the attachment cases in our reports, it will be found that the attachment laws have been liberally construed, but not by overdrawn opinions. *Vide Reyburn v. Brackett & Bassett,* 2 *Kas.,* 227; *Repine v. McPherson,* 2 *Kas.,* 340; *Treadway v. Ryan & Everhardy,* 3 *Kas.,* 437; *Carney v. Taylor,* 4 *Kas.,* 178; *Taylor v. Carney,* 4 *Kas.,* 542.

*Johnson, Day & Houts, for defendant,* submitted :

Under section one hundred and ninety [*p.* 664, *Gen. Stat.*] the plaintiff in a civil action for the recovery of money may, at or after the commencement thereof have an attachment against the property of the defendant, and upon the grounds herein stated. First, when the defendant is a foreign corporation or a non-resident of this state.

The word defendant here is used to indicate the person or persons who are defendant or defendants in any given suit. It is a *nomen collectivum,* and is used to signify that a word in the singular is to be understood in the plural in certain cases. Being prefaced with the definite article *the* would most clearly show that the legislature by using the term "the defendant" meant all of the defendants in the case, be they one or many. In other words meant to indicate all of a given class, that class being the defendants in the case. *Gen. Stat.,* 1868, 631, § 11; 2 *Bouv. Law Dic.,* 232; *Nash's Pl.,* 406; 4 *O.,* 132, 148; *Gen. Stat.,* 644, § 79.

Nor will section one, page nine hundred and ninety-nine, general statutes, change this construction, for there is nothing in the context inimical to the construction we claim, and certainly the approved usage of the English language could give it no other meaning. Had the leg-

islature used the phrase "a defendant," as used in many statutes, then there would be some reason in holding that any defendant, or so to speak, that any indefinite defendant of a given class of defendants might be liable to the attachment without the others of the same class being joined. The statute of Ohio in relation to attachment differs from that of our own in providing expressly that an attachment may be issued against one of several defendants, being only inserted in the first ground mentioned in the Ohio statutes providing for an attachment. [*Nash. Pl.*, 406.] Our statute in relation to attachment was copied from that of Ohio, and the fact that the legislature rejected or left out the words "one of several defendants," contained in the first ground mentioned in the Ohio statute for an attachment, clearly demonstrates the intention of our legislature to authorize the attachment to issue only when all of the defendants are liable to it, and not against any "one of several defendants."

This suit is for the recovery of damages resulting from an alleged failure to construct in a good and workmanlike manner the building mentioned in plaintiff's petition. This suit is for unliquidated damages and an attachment cannot be issued upon such a claim. *Drake on Attach.*, 13–23, 32–34, 548, *and cases there cited.*

*By the Court,* SAFFORD, J.

A single question is presented by the record in this case, which requires the consideration of this court, and its decision involves a construction of one of the provisions of our statute relating to attachments. This question may be stated thus: Where one of two contractors is a non-resident of the state, and the other a resident,

can an attachment be sued out and maintained against such non-resident?

At first sight it would seem to be a matter of no little difficulty, to arrive at a proper solution of this inquiry; but when we examine it, in the light of the provisions of our statutes respecting and governing other actions, the task appears very much easier.

JOINT OBLIGORS: Action against.

It will be remembered that, under our practice, suits may be prosecuted against any *one* or *more* of those who may be liable on joint obligations and joint assumptions of co-partners, or others, at the option of the party entitled to bring such suit, [*Chap.* 21, § 1 *and* 4 *Gen. Stat.,* 1868; *see also* § 39, *Code* 1868,] such being the fact, and the liabilities and obligations of the parties in the case at bar, in relation to the subject matter thereof, being such as clearly bring it within the provisions of that portion of the statutes referred to, it follows that the plaintiff in this case had a full and perfect right to bring this action against one or both of the parties who were liable on the contract, upon which it was based, and this, too, without regarding in any manner the liability of the *one,* in case the other was alone prosecuted.

ATTACHMENTS Against.

This point as to the *right* of the party having been settled and determined, we may proceed to say further, that if the plaintiff in this case chose to prosecute only one of those who might have been made defendants, it would seem also to follow, as a matter of course, or rather as a matter of undoubted right, that such plaintiff was entitled to the benefit of any and all provisions of the statutes, which are applicable to and are enacted for the purpose of enabling a party to successfully prosecute similar cases. If, therefore, the party against whom the plaintiff below saw fit to endeavor to enforce the alleged claim or right to recover, was a non-

resident of the State of Kansas, we think, in view of what has been stated, that it is but fair and just to hold that such non-resident defendant might have been and was properly proceeded against, under the provisions of our attachment law, as furnishing the direct and, perhaps, the only effective way in which the rights of the plaintiff could be so enforced, as against him. We have come to this conclusion after a careful consideration of the law bearing upon the case; and although much has been said, and much of ingenious argument has been advanced, by the counsel upon either side, as to the points they have regarded as tending to solve the question at issue, it is, perhaps, unnecessary for us to pursue this discussion further, than to say that we think that the provisions of our attachment law have introduced no changes in the rules governing the parties' pleadings and proceedings, which obtain in other actions; and, especially, as to the right of a plaintiff to proceed against one or more of the parties who may be liable on such causes of action as come within the provisions of section four, chapter twenty-one, statutes 1868, and the other sections referred to. It may be said, that the plaintiff in this cause did not, in the first instance, avail himself of the right which existed under the law as stated, to proceed against only one of the parties who were liable on the contract set up in the petition, inasmuch as the petition purports to have been filed as against both of such parties.

But we think that this objection is sufficiently answered, by the showing in the record that no service of summons was ever had upon the defendant, who resided in the state, nor does such defendant seem to have made any appearance whatever in the case. He was not in court in any sense, nor do we think that the plaintiff was bound, in any manner, to proceed as to him.

Several other questions have been raised as to the regularity of the attachment proceedings, but they do not seem to have been specially relied upon by the counsel, nor do they seem to afford any considerable force or ground of objection as against the validity of such proceedings; and, besides, it may be said in relation to some of the more prominent, that they have been waived in the record.

The order of the district court discharging the attachment in this case is reversed.

All the justices concurring.