McIlvaine, J.
Section 38 of the code provides: “ Persons severally liable upon the same obligation or instrument, including parties to bills of exchange and promissory notes,, may, all or any of them, be included in the same action, at' the option of the plaintiff.”
The plaintiff below exercised this option by suing Wilkins, who was severally liable with Cooke, alone.
Without denying the right of the plaintiff below to in *567 stitute sucli' several action, Wilkins sought, by cross-petition, to avail himself of the provisions of section 449 of the code, which provides: “In all cases where judgment is rendered in any court of record within this state, upon any (other) instrument of writing in which two or more-persons are jointly and severally bound, and it shall be made to appear to the court, by parol or other testimony,, that one or more of said persons so bound, signed the same as surety or bail for his or their co-defendant, it shall be the-duty of the clerk of said court, in recording the judgment thereon, to certify which of the defendants is principal debtor and which are sureties or bail.” In such cases, it is further provided that the property of the principal debtor shall be first exhausted.
It is quite clear that the cases provided for in this section are those only in which the principal and surety are jointly sued. It has no application where the surety or sureties are sued severaUy. And the right of the plaintiff to sue-the parties to such an instrument, severally, although the-relation of principal and surety may exist between them,, is not disputed by plaintiff in error.
It is contended, however, that where the holder of such an instrument eléets to. sue the surety alone, that such surety may, by cross-petition, bring in his principal, and then demand the protection prescribed in this section. The right of the surety in such case to thus bring in his principal, is sought to be worked out through the provisions, of section 500 of the code, which reads as follows: “A surety may maintain an action against his principal to compel him to discharge the debt or liability for which the surety is bound, after the same becomes due.”
Clearly, this section contemplares au original action ; but inasmuch as the creditor would be a necessary party to such action, it is claimed that where the creditor sues the surety alone, the latter should be permitted to avail himself of the right conferred in this section, by a cross-petition, bringing in the principal debtor. Some cases have *568 been cited which seem to favor such practice. 1 Handy, 285; 2 Disney, 210; 4 Bosworth, 646.
But such practice having been adopted in the court below without objection, we will not now either approve or disapprove it, as we are well satisfied that if such practice be authorized, the surety’s relief must be sought and obtained under the cross-petition without hindrance or delay to the plaintiff in the prosecution of his original petition.
Iudeed, the cross-petition below did not seek the relief .authorized by section 500, but if it had, we are quite clear that the plaintiff’s right to pursue the surety, as he had ■elected to do, until his claim was satisfied, could not be thereby abridged.
By such cross-petition the case would not be brought within the purview of section 449, requiring the clerk to ■certify which defendant was principal debtor,' and which surety. The plaintiff would still be entitled to judgment •on his petition against the surety alone, whether the surety were entitled to an order on his cross-petition against the principal to pay the judgment or not.

Motion overruled.