JACOB HERSHFIELD V. HORACE B. CLAFLIN & CO.

1. PARTNERSHIP PROPERTY—*Attachment and Sale Thereof.* An officer holding an order of attachment against the property of an individual partner may levy such attachment on the interest of such partner, and take the partnership property, or a portion thereof, into his possession, and sell the interest of the partner in such property.

2. OFFICER, *When not Liable for Damages.* And where the officer gives notice that he will sell the entire property, but does not do so, but afterward delivers the property to a receiver, at the instance of the complaining party, *held,* that the officer does not, by giving such notice, render himself or the plaintiff in the attachment liable to an action for damages

*Error from Leavenworth District Court.*

ACTION for damages brought by *Hershfield* against *Horace B. Claflin* and others, partners. Trial by the court at the March Term, 1877, and judgment for the defendants. The plaintiff brings the case to this court. The nature of the action, and the facts, appear in the opinion.

*E. Stillings,* and *Thos. P. Fenlon,* for plaintiff in error:

The defendants were engaged in the perpetration of a tort against the rights and property of Hershfield, which would have resulted in a liability for the entire value of his interest, when completed. Was the plaintiff compelled to wait till the act was completed, and take the chances of the responsibility of the perpetrators of the tort? Or, could he not stop its entire consummation at the least possible loss and expense to himself, and hold them for the damages he was compelled to sustain by being compelled to adopt the means which he did to prevent the entire destruction of his interest in those cattle?

The rule of law that if one commit a tort against the property of another, the other may not leave the injury done to his property after notice and reasonable time to repair, so as to result in greater and still further injuries, and hold the trespasser liable for such increased damages, should in reason

apply to this case. (17 Kas. 224.)  This presents a case of willful wrong on the part of the defendants, and the plaintiff should recover his actual expenses, attorney's fees, etc. (19 Kas. 9; 21 id. 722.)

If the plaintiff had stood still till the defendants completed the conversion of his property, he would, under the decision in 22 Kas. 55, have had a right of action for one-third at least of the value of the property when seized by the marshal, which would be one-third of $33,440.  This would not have made him whole, for the partnership debts would be still outstanding, and the partnership property, which he had a right to have applied to partnership debts to the extent of a two-thirds interest, represented by Steinback's share, would have been gone.  The seizure of this property as the sole property of Steinback, and the proceeding to sell it as such, excluding the plaintiff from its care and control, was a wrong to him.  Has he no remedy for that wrong?  It resulted in damages to him which were produced by the acts of the defendants, after full notice of his rights.  Should he be told that he cannot recover those damages?  The defendants did this wrong knowingly.  Shall he not recover his damages, including the expenses of asserting and maintaining his rights?  These are the questions, as we understand the case, which the court is called upon to consider. (Parsons on Partnership, 350.)

The dismissal of the attachment proceedings is conclusive that the defendants in error wrongfully resorted thereto. (23 Iowa, 343.)

Nor was it the duty of the plaintiff in error to litigate and determine these questions, and have compensation for those damages in the equity case in the circuit court.  It seems to be a sufficient answer to say that no question of the kind was litigated or determined in that court; but we can also say that whatever the practice in our state courts may permit in such cases, the rules and practice in equity in the United States courts do not allow more than that court did, which was to apply the partnership property, after paying the ex-

penses of the litigation, to the payment of the partnership debt, and if a balance had been left, to divide it between the partners and others, according to their rights. No question of damages could have been tried or determined in that case, and none was tried.

The appointment of receiver was under the United States court practice, but as a defensive measure, and the only one which Hershfield could have adopted, and was but auxiliary to, and a continuation of, the original attachment case. (10 Wall. 533; 3 id. 334.)

*Wm. McNeill Clough,* for defendants in error:

H. B. Claflin & Co. had a perfect right to attach the cattle, and the U. S. marshal to hold them, on a writ of attachment properly issued against Julius Steinback, although Jacob Hershfield was the owner of an undivided one-third interest in them, and although they knew that he had such interest. (24 Wend. 389; 22 Pick. 450; 20 Me. 89; 6 Mass. 242; 5 Blackf. 337; 9 Greenl. 28; Collyer on Partnership, § 822, note 2; Story on Part., §§ 311, 312; 3 Ala. [N. S.] 319; 2 Metc. 39. See also 4 Hill, 161; 2 id. 47, and note *a;* 15 Johns. 179; 12 Wend. 131; 5 Wharton, 125.)

As to the dismissal of the attachment proceedings by the defendants in error: Nothing appears in the whole record showing that any motion even was ever made by plaintiff in error to dissolve the attachment on the ground of any statement in the affidavit being untrue, nor was any such motion ever made.

The case of *Spalding v. Black* (22 Kas. 55) expressly avoids discussing or deciding the questions raised by plaintiff in error; and it therefore has no application to this case, except that it admits that partnership property may be levied on to satisfy a debt against an individual partner of the firm. The property in this case was not sold by the defendants in error, nor at their instance or request. It was sold by a receiver appointed in a case brought by plaintiff in error, and appointed on his own motion. It seems that the claim for

damages, under such circumstances, upon H. B. Claflin & Co., is without precedent.

The opinion of the court was delivered by

VALENTINE, J.: Jacob Hershfield, who is the plaintiff in error, and who was the plaintiff below, and Julius Steinback, owned 1,875 head of cattle. They owned these cattle in the capacity of copartners, but their ownership seems also to have partaken of the nature of a tenancy in common. Steinback owned a two-thirds interest in the property, and Hershfield owned the other one-third interest, the whole of the partnership property, however, being subject first to the payment of the partnership debts. H. B. Claflin & Co., who are the defendants in error, and who were the defendants below, caused the United States marshal for the district of Kansas to levy an attachment upon these cattle as the individual property of Steinback, and to take the property into his possession. Afterward, at the instance of Hershfield, the property was delivered to a receiver appointed by the United States circuit court, in a suit instituted by Hershfield. Afterward Hershfield commenced this action in the district court of Leavenworth county against H. B. Claflin & Co., for damages for causing the seizure of said cattle by the United States marshal. The decision of the court below was against the plaintiff and in favor of the defendants, and the plaintiff now, as plaintiff in error in this court, seeks a reversal of that decision.

The only question involved in this case, as seems to be admitted by the plaintiff in error, is, whether an officer holding an attachment against the property of an individual partner can seize and hold all or any of the specific property of the firm. All the firm property, however, in this particular case, seems to have been seized and held by the officer.

Mr. Parsons, in his work on Partnership, says that the officer cannot so seize and hold the partnership property. (Parsons on Part., pp. 352 to 363.) He seems, however, to found his opinion more upon reason, and the logic of the case, than upon the authorities. It seems that he thinks the officer

can seize only the individual interest of the partner, leaving the partnership firm to continue in business, to hold all the partnership property, and to deal with it as though no writ of execution or attachment had ever been issued or served. What Mr. Parsons says, however, relates more particularly to the seizure of property on execution, and not to the seizure of property on attachment. But we should think that the same rule will substantially apply in both cases. Mr. Freeman, in his work on Executions, says that upon correct principles the seizure of specific partnership property cannot be upheld, but that the weight of authority is nevertheless otherwise, and that a majority of the decisions seem to authorize the seizure of such property. (Freeman on Executions, p. 404, § 254; p. 169, § 125.) Mr. Herman, in his work on Executions, says that the specific property of individual partners may be seized and held; and he refers to a large number of decisions in support of that proposition. (Herman on Executions, p. 540, *et seq.*, §§ 356, 357.) Mr. Wells, in his work on Replevin, says that the officer must seize the partnership property, but can sell only the partner's interest; and that the purchaser at the sale will become a *quasi* tenant in common with the other partners. (Wells on Replevin, p. 92, §§ 164 to 167.) All the authorities seem to agree that where property is held by tenants in common, that the officer should seize and hold the property, although the writ may run against only one of the tenants in common.

We refer also to the following decisions, holding that an officer having a writ against an individual partner may seize and hold specific property belonging to the partnership firm: *Moore v. Pennell,* 52 Me. 162; *Russ v. Fay,* 29 Vt. 381, 386; *Branch v. Wiseman,* 51 Ind. 3; *White v. Jones,* 38 Ill. 160; *Andrews v. Keith,* 34 Ala. 727; *Wiles v. Maddox,* 26 Mo. 77. Also, see the authorities cited by counsel for defendants in error, including Story and Collyer on Partnership. All the authorities seem to agree that when a partnership is dissolved, the copartners become tenants-in-common. (1 Parsons on Con. 194.)

The weight of authority seems to be, that an officer holding a writ of execution or attachment against an individual partner, may levy upon his interest, and may seize and hold partnership property, and may sell the interest of the individual partner in such property. That, of course, would dissolve the copartnership so far as that property is concerned. And as the sale of the property must dissolve the copartnership to the extent of that property, so must the seizure alone dissolve it, or at least suspend it to the same extent, while the officer holds the property in his custody. Perhaps it would be proper to say that the mere seizure of the property dissolves the copartnership from the time of the seizure, *on condition* that the property shall afterward be sold. This would seem to be clear, if all the partnership property were seized by the officer; for if all the property were seized the partnership could not continue its business while the officer held the property. And the same result would naturally follow if the greater portion of the partnership property should be seized by the officer. And where the partner against whom the execution or attachment is issued owns the larger interest in the partnership, and where it would require the greater portion of the property to satisfy the writ, it would seem to be the duty of the officer to levy upon the greater portion of the property; that is, to levy upon the entire interest of the partner against whom the execution or attachment was issued, and to take the entire property of the firm into his possession.

In the present case the judgment debtor, Steinback, owned a two-thirds interest in the copartnership, and the present plaintiff owned only a one-third interest; and so far as is shown, these cattle constituted all the property of the copartnership. We think that the marshal had the right to levy upon Steinback's interest, and to take all the cattle into his possession. And after seizing them he had a right to sell Steinback's interest therein. He however gave notice that he would sell the entire property; but as he did not in fact sell any of the property, and as it was afterward all put into the hands of a receiver, at Hershfield's instance, we do not

think that by giving such notice the marshal committed any substantial injury to or against Hershfield's rights for which Hershfield can recover damages against either the marshal or the plaintiff in the attachment.   The present suit is against the plaintiff in the attachment.   The marshal was not made a party thereto.

The judgment of the court below will be affirmed.

All the Justices concurring.