GEORGE W. WILLIAMS v. S. MUTHERSBAUGH.

PARTNERS, *Liability of; Attachment against Firm Property.* In Kansas, each partner is liable for the whole of the partnership debts, and a suit may be brought against any one or more of such partners to recover any one of such debts, and in such suit an attachment may be issued against any one or more of the defendants who may be liable thereto; but the attachment can be maintained against only such of the defendants as have by their acts rendered themselves liable to an attachment; and partnership property may be seized in attachment cases whether the order of attachment runs against the entire firm, or against only a portion of its members; but the individual property of one member can never be seized by virtue of an attachment not issued against him, but issued against some other member of the firm.

*Error from Osborne District Court.*

THE nature of this action, and the facts, appear in the opinion. At the December Term, 1882, the district court affirmed certain rulings in regard to an attachment made by a justice of the peace in an action wherein *Muthersbaugh* was plaintiff and *Williams* and another were defendants, which rulings defendant *Williams* brings here for review.

*Saxey & Smith*, for plaintiff in error.

*Hays & Finn*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was originally brought before a justice of the peace of Osborne county, by S. Muthersbaugh against George W. Williams and W. J. Carr, copartners doing business under the firm-name of Williams & Carr, to recover the sum of $30.55. A trial was had before the justice, and the plaintiff recovered the sum of $21.55 debt, and $10.50 costs. This judgment, except as to a small proportion of the costs, probably about one or two dollars, accruing in certain attachment proceedings had in the case, is admitted to be correct; but the defendant Williams, who is now plaintiff in error and who was plaintiff in error in the district

court, complains of certain orders made by the justice in these attachment proceedings, claiming that they are erroneous as to him.

In order to fully understand the nature and character of these attachment proceedings, it will be necessary to give something of their history. At the time the action was commenced the plaintiff, Muthersbaugh, filed an affidavit for an attachment, alleging therefor all the grounds for an attachment provided for by § 28 of the justices code, except the first and the last three. This affidavit applied to both the defendants, and it is admitted that it is correct and true with respect to Carr; but it is claimed by the defendant Williams that it is not correct or true with respect to himself. He therefore filed an affidavit in the justice's court, denying all the allegations of the plaintiff's affidavit so far as the same applied to himself, but did not deny any of the allegations of the plaintiff's affidavit so far as they applied to Carr or to the partnership, unless the denial with respect to himself was also a denial with respect to the partnership. The plaintiff's affidavit for the attachment was made under § 28 of the justices code, which provides, among other things, that—

"The plaintiff in a civil action [before a justice of the peace] for the recovery of money, may, at or after the commencement thereof, . . . have an attachment against the property of the defendant upon the grounds herein stated: . . . *second,* when the defendant, or one of several defendants, has absconded with intent to defraud his creditors; or, *third,* has left the county of his residence to avoid the service of a summons; or, *fourth,* so conceals himself that a summons cannot be served upon him; or, *fifth,* is about to remove his property, or a part thereof, out of the jurisdiction of the court, with the intent to defraud his creditors; or, *sixth,* is about to convert his property, or a part thereof, into money, for the purpose of placing it beyond the reach of his creditors; or, *seventh,* has property or rights in action which he conceals; or, *eighth,* has assigned, removed or disposed of, or is about to dispose of his property, or a part thereof, with the intent to defraud, hinder or delay his creditors."

There are four other statutory grounds for an attachment,

numbered respectively, first, ninth, tenth, and eleventh; but they do not apply to the present case. The affidavit of the defendant, denying the allegations of the affidavit of the plaintiff, was made under § 53 of the justices code, which reads as follows:

"SEC. 53. If the defendant shall, before the trial is commenced, file an affidavit denying the grounds laid for the attachment in the plaintiff's affidavit, the justice shall, on reasonable notice in writing being given to the opposite party, proceed to examine into the truth of the grounds laid for such attachment, and shall hear such evidence as may be produced by either party; and if it appear that such grounds are not sustained by the evidence, the justice shall discharge the attachment."

As before stated, the plaintiff's affidavit for the attachment applied to both the defendants, and applied to them in their copartnership capacity as well as in their individual capacity. The partnership was not denied, but it was in fact admitted. The defendant's affidavit did not apply to Carr, or to the partnership, as above stated, but applied only to himself; and he asked the court, the justice of the peace, to discharge the attachment so far as it affected him personally, and so far as it affected his individual property. The court, however, ruled against him, holding that the defendant's affidavit should be as broad as the plaintiff's; that unless the defendant should deny the allegations of the plaintiff's affidavit as to both the defendants, as to both the partners, as to both Williams and Carr, the defendant's affidavit would not be good, and that the attachment should be sustained; and as Williams could not and did not file any such affidavit, the justice sustained the attachment, and sustained it not only as against the partnership property, but also as against the individual property of Williams. Williams took the case to the district court, which he asked to reverse the rulings of the justice of the peace with regard to the attachment; but the district court affirmed such rulings, and Williams now brings the case to this court, claiming that both the justice and the district court erred with reference to the attachment.

As before stated, Williams does not deny the debt, or the correctness of the judgment rendered therefor, or his duty to pay such judgment, except as to a small proportion of the costs, (and the amount of the judgment is small, as will be observed, and could easily be paid;) nor does he deny the plaintiff's right to the attachment as against his copartner, Carr, nor does he claim, as we understand, that the officer in levying the attachment did not in fact exhaust all the partnership property before levying upon any of Williams's individual property; but he denies the plaintiff's right to an attachment at all as against himself, and, possibly, also as against the partnership. Was the attachment rightfully sustained as against Williams and his property? This is the only question involved in the case; and indeed it may be doubted whether even this question is fairly presented in the case. But as counsel for defendant in error raise no question in this respect, we shall proceed to consider the question as though it were undoubtedly in the case. This question we think must be partly answered in the affirmative and partly in the negative: it must be answered in the affirmative as to. all the partnership property, but must be answered in the negative as to Williams's individual property.

Perhaps, before proceeding further, it would be well to state that in this state the statutes provide, among other things, that "all contracts which by the common law are joint only, shall be construed to be joint and several;" and "in all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable;" (Comp. Laws 1879, p. 209, §§ 1, 4;) and "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." (Civil Code, § 396; see also *Alvey v. Wilson,* 9 Kas. 405; *Fullam v. Abrahams,* just decided.) We would therefore think, under our statutes, including the justices code, that an attachment would lie against all the members of a copartnership where the grounds for the attachment would apply to all of them; and it would lie against any

single member of the copartnership where the grounds for the attachment would apply to him alone, or to him and others. Generally, in our codes of procedure, the word "defendant" is a collective name, which includes all the separate defendants; and it is probably so used in §§ 28 and 53 of the justices code; but the word "defendants" is also used in said § 28 in a very different sense, evidently meaning the defendants severally. Said section says: "When the defendant, or one of several defendants," etc., the word "defendant" evidently meaning the sole defendant when there is only one defendant, and all when there are several defendants; while the word "defendants," used in the same section, evidently means each of the defendants severally. It will also be noticed that the nominative to the verb in each of the several subdivisions of said § 28 is "the defendant, or one of several defendants," evidently showing that each of the several grounds for an attachment is intended to apply to each and every defendant in the case. Except for our statutes, it is possible that an attachment would not lie against a partnership, or against any member thereof for a partnership debt. (*Leach v. Cook*, 10 Vt. 239; see also *Cowdin v. Hurford*, 4 Ohio, 132; *Taylor v. McDonald*, id. 149; *Sears v. Houghton*, 7 How. Pr. 383.) But under our statutes we think it is clear beyond all question that an attachment will not only lie against a partnership, but will also lie against any member thereof for a partnership debt. It will lie against a partnership, however, only where all the members thereof have by their acts rendered themselves liable to an attachment. (See authorities above cited.) Each partner, however, is responsible for his own acts, and where one of the partners has rendered himself liable to an attachment, the attachment may not only be issued against him, but partnership property may be taken by attachment as a security for the debt. (1 Wait's Actions and Defenses, 419, near the bottom of the page, and authorities there cited; *Hershfield v. Claflin*, 25 Kas. 166; see also *Jefferson County v. Swain*, 5 Kas. 376; *Sellew v. Chrisfield*, 1 Handy, 86; 2 Lindley on Partnership, 689, *et seq.*) To

this extent the partnership must suffer for the individual wrongs of each of its members. In this state each partner is liable for the whole of the partnership debts; and a suit may be brought against any one or more of such partners to recover any one of such debts; and in such suit an attachment may be issued against any one or more of the defendants who may be liable thereto; but as before stated, it can be maintained against only such of the defendants as have by their acts rendered themselves liable to an attachment; and partnership property may be seized in attachment cases whether the order of attachment runs against the entire firm, or against only a portion of its members; and, indeed, partnership property may be seized on an attachment where the suit is against an individual member of the partnership only, and to recover from him on his individual debt only. (*Hershfield v. Claflin*, 25 Kas. 166, 170, and cases there cited; 2 Lindley on Partnership, 689, *et seq.*, and cases there cited.) But where the suit is against the individual member only, and to recover from him on his individual debt only, only the individual interest of the partner in the property seized can be sold. And the individual property of one partner can never be seized or sold by virtue of an attachment issued against one of the other partners.

The judgment of the court below will be modified in this case by setting aside and vacating all the orders made by the justice of the peace with reference to the attachment as against the defendant Williams, and the attachment proceedings will be reopened for a hearing upon the truth of the grounds alleged in the plaintiff's affidavit for the attachment, so far as such grounds apply to the defendant Williams. In all other respects the judgment and orders of the court below, and the judgment and orders of the justice of the peace, will remain undisturbed. The costs of this court will be taxed against the defendant in error. Judgment modified.

All the Justices concurring.