JOSEPH GERSON v. T. N. HANSON, et al.

ACTION on *Attachment Bond; Practice.* Where an action is brought upon an attachment undertaking by the assignee of the defendant in the attachment, for damages against the sureties, and the principal on the undertaking, who is not made a party, has a judgment against the defendant, obtained in the attachment action, greatly in excess of the alleged damages, which is unpaid, and the defendant in the attachment is insolvent, *held,* that the court, upon the request of the sureties and the principal, may properly permit such principal to become a party and defend; and *further held,* that after the principal has been made a party and has filed a verified answer setting forth all the foregoing facts, the court commits no error in refusing to allow the plaintiff to dismiss his action against the principal so that he may proceed against the sureties alone.

*Error from Harvey District Court.*

ACTION brought August 3, 1883, by *Joseph Gerson,* assignee of J. Wesley Lightbody, against *T. N. Hanson* and *S. Lehman,* to recover $1,400 upon the following written undertaking:

" *W. J. Wilson, plaintiff, v. J. Wesley Lightbody, James McGee, defendants.* — Whereas, said plaintiff has commenced a civil action against said defendant in said court to recover the sum of $5,371, and has applied to the clerk of said court by filing the necessary affidavit for an order of attachment to be issued in said action against the defendant: Now, therefore, we, W. J. Wilson and ——, hereby undertake to the said defendant in the penal sum of $7,000, that the plaintiff shall pay to the said defendant all damages which the said defendant may sustain by reason of the said attachment if the order be wrongfully obtained.

"Witness our hands, this — day of ——, 18—

W. J. WILSON.
T. HANSON.
S. LEHMAN.

"The above undertaking and sureties thereto approved this 9th day of February, 1882.

E. L. PARRIS, *Clerk of said Court.*"

The defendants T. N. Hanson and S. Lehman, answering in the action, alleged in substance that they were only sureties

for Wilson; that the original action brought by Wilson was upon certain promissory notes for the total sum of about $9,000; that in that action Wilson recovered a judgment for about $9,000, which still remained unpaid, and that Lightbody was insolvent; that the notes sued on by Wilson, and upon which judgment was rendered to the extent of about $5,500, were due long before the assignment by Lightbody of his claim against Wilson for damages; that Wilson still held this judgment against Lightbody, and that it was a proper subject of set-off by Wilson against the claim of Gerson; and prayed that Wilson be permitted to become a party defendant in the action, that he might make this defense. At the time the sureties filed their answer, and at the regular time for answering, W. J. Wilson also filed an application, asking the court to permit him to become a party defendant and to defend in the cause, making a verified statement of the same facts in substance as alleged in the answer of Hanson and Lehman, and asking the court, in case it permitted him to become a party and to defend, that his verified showing be permitted to stand as his answer. At the September Term, 1884, the district court, over the objection of the plaintiff, granted the request of the defendants Hanson and Lehman, and the application of Wilson, and ordered that Wilson be made a party defendant. To the order of the court permitting W. J. Wilson to be made a party defendant, the plaintiff excepted. After W. J. Wilson had been given leave to file his answer and had filed the same, plaintiff offered in open court to dismiss his action as to said Wilson, to which the defendants, Hanson and Lehman and W. J. Wilson, objected, unless the case should be dismissed as to all of the defendants. This the plaintiff refused to do, and the court overruled the application; to which the plaintiff excepted, and brings the case here.

*Bowman & Bucher*, and *J. W. Ady*, for plaintiff in error.

*Greene & Shaver*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J. : The contention on the part of the plaintiff is, that the written undertaking or obligation executed by W. J. Wilson, T. Hanson and S. Lehman is joint and several, and that an action may be brought and prosecuted against any one or all of the obligors at the option of the plaintiff. (Comp. Laws of 1879, ch. 21, § 4; Code, § 39; *Comm'rs of Jefferson Co. v. Swain,* 5 Kas. 382.) It is next contended that in all cases of such obligations, the plaintiff may at his option dismiss as to some of the defendants and proceed against others. (*Silvers v. Foster,* 9 Kas. 56; *Alvey v. Wilson,* 9 id. 404.) Therefore, it is contended that the district court erred in granting the application that W. J. Wilson be made a party defendant, and in refusing to permit the plaintiff to dismiss his action as to him.

Giving full force to the sections of the statute cited, and the decisions interpreting the same, we do not think the court committed any abuse of discretion in its rulings. Section 36 of the code reads:

"Any person may be made a defendant who has, or claims, an interest in the controversy adverse to the plaintiff, or who is a necessary party to a complete determination or settlement of the question involved therein."

And § 41 of the code provides:

" The court may determine any controversy between parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a determination of the controversy cannot be had without the presence of other parties, the court must order them to be brought in."

The rule thus embodied in these provisions of the code is called equitable, and is derived from equity practice, because it is more frequently appealed to in proceedings formerly called equitable. In actions for the recovery of money, unless in exceptional cases like the one under consideration, one or all of the obligors may be prosecuted at the option of the plaintiff. It is the true purpose and design of courts to ad-

minister justice between litigants and to ascertain and enforce their rights and obligations, as far as possible upon the merits, and not upon some technical point which puts no question at issue, but simply renders it necessary to commence a new suit. And so, within the spirit and language of the code, there are proper cases in which it is necessary to make a person defendant, upon the ground of avoiding a multiplicity of suits. (Maxwell on Pl. & Pr., p. 43; *Camp v. McGillicuddy,* 10 Iowa, 201; Pomeroy's Remedies & Remed. Rights, §§ 196, 286, 418, 430; see also §§ 402 to 410; also § 424.)

Plaintiff alleges that Lightbody has assigned to him his claim for damages against Wilson, the principal upon the written undertaking. Hanson and Lehman were only sureties for Wilson. In the original action brought by Wilson he recovered judgment upon certain promissory notes against Lightbody for $8,754.64, with interest at the rate of twelve per cent. per annum from April 17, 1883. This judgment is unpaid, and Lightbody is insolvent. Notes sued on by Wilson to the amount of $5,500 were due long before the transfer by Lightbody of his claim against Wilson to the plaintiff. Wilson still holds his judgment against Lightbody, and it is a proper subject of set-off by Wilson against the claim of the plaintiff upon the undertaking. As a party defendant in the action, Wilson can set off his judgment against the claim of Lightbody for damages now owned by the plaintiff. If Wilson were not permitted to be made a party defendant, the plaintiff would recover of his sureties, and such sureties would be entitled to be reimbursed by Wilson, and his judgment against Lightbody would be no set-off or counterclaim. If this were done, the rights of Wilson would be greatly prejudiced. Under some circumstances the rights of the sureties might also be prejudiced. It would be gross injustice to permit the plaintiff to recover of Hanson and Lehman, the sureties of Wilson, and then have the sureties recover of Wilson, so long as Wilson's judgment against Lightbody remains unpaid and Lightbody continues insolvent. If the district court had not permitted

38—34 KAS.

Wilson to be made a party defendant, it would be necessary for him to bring an original action against all the parties, seeking thereby relief for his sureties. (*Turner v. Crawford*, 14 Kas. 499.) As he might do this in another action, we think, within the spirit and language of the code, the court properly permitted him to be made a defendant, and having all the parties before it, can properly dispose of the controversy between them upon its merits, without prejudice to the rights of others.

*Party properly made a defendant.*

Counsel refer to *Greene v. Burnett*, 1 Handy, 285, where the acceptor of a bill, being a surety, was sued alone, but that decision does not go as far as claimed. No defense was made in the case by the surety, and on a day of the term a judgment was entered against him for the amount due. Subsequently he came in and asked a stay of execution, and that the plaintiffs make the drawers or principals parties defendant. The court refused, and in the opinion stated:

"Had the defendant in this case set up in the nature of a counterclaim the equitable right to have the liability discharged by the principal debtors, making them parties thereto, I am not prepared to say it might not have been sustained."

In *Sawyer v. Chambers*, 11 Abb. Pr. 110, while deciding that the court will not order new parties defendant to be brought in against the will of the plaintiff, unless their presence is necessary to determine the action, the court said:

"The more usual course would be the commencement of an action by the sureties against all the parties, setting up the facts in these papers, and to ask the aid of the court in equity for this protection."

We cannot assent to any such conclusion, and the reasoning is not satisfactory. A part of the opinion goes upon the assumption that while a party may have no remedy at law, he may have one in equity. The civil code abolishes all distinctions between suits in equity and actions in law, and a defendant may insist upon any defense he may have. The court may permit a necessary party to come in and defend, or when

the controversy between the parties before it cannot be determined without prejudice to the rights of the defendants or of others, the court may order the parties to be brought in.

The rulings and orders of the district court will be affirmed.

All the Justices concurring.