Bissell, J.,
delivered the opinion of the court.
For some time prior to the first of August, 1889, Ewing & Felt were engaged in the mercantile business in Monte Yista. At that time Corthell, one of the appellants, was operating a ranch near that place and had some stock running on the range. About the 7th of August negotiations were commenced between Ewing and Corthell for the sale and purchase of Ewing’s interest in the firm, which was doing business under that firm name of Ewing & Felt. The deal *5 was completed by the transfer of Corthell’s stock to Ewing some time during that month. The time of the transfer is one of the most material elements in the controversy. The appellee Cleghorn was sheriff of Rio Grande county, and on the 17th of August levied his writ upon a portion of the stock of goods which had been owned by Ewing & Felt to secure the satisfaction of a judgment which had been obtained against Ewing by one of his individual creditors. The present action was one of replevin by Felt & Corthell, who composed the new firm. They insisted that the transaction between Ewing and Corthell was bona fide, for a valuable consideration, concluded before the levy of the writ. The bona fides of the sale, and the time of its completion, were the subjects of much testimony on either side. The appellants offered proof which tended to show that there had been a delivery of, the goods and a payment of the consideration prior to the 9th of August. The appellee on the contrary introduced much evidence to show that there was no such change of possession as is essential under the law to transfer title as against an execution creditor, and also that in fact the sale itself was not completed until several days after the levy of the writ.- On this issue, and as to all of its collateral facts, the jury found for the officer and sustained his levy. It is clearly settled in this state that no sale of chattels can be maintained against the levy of an execution creditor unless there be a delivery of the goods and an immediate change of possession. The necessary character of the transfer is clearly settled by our own adjudications. The possession must be open, notorious and unequivocal, and it must be clearly evident from the circumstances put in proof that the title has passed from the seller to the purchaser. Cook v. Mann, 6 Colo. 21.
The finding of the jury was against the appellants on this question, and their conclusion is not without sufficient basis in the testimony to be binding on this court. If this well settled rule did not control the court, it would be disinclined to reverse the case on the contention that the verdict was not *6 supported by the evidence, for it is not presented by the abstract in that complete and satisfactory manner which is indispensable to enable a court to pass upon the weight and the sufficiency of the testimony.
In reality there is but one question of much difficulty in the case, and this springs from the action of the officer in taking possession of a portion of the stock of goods to satisfy tire individual debt of the copartner Ewing. The contention is, that he was bound to take all of the goods into his custody, sell the interest of the copartner to satisfy the claim against him, and return the goods to the joint possession of the other partner and the purchaser at the sale. There is some doubt whether even this question is properly saved and presented by the record, but the doubt has been resolved in favor of the appellant and the court will decide it. For many years it was a grave question with the courts as to what course ought to be taken by an officer when he held a writ against one member of a firm, and he sought to satisfy the claim out of the copartnership property. It may be taken to be tolerably well settled by the current of authority, that his duty is to take the firm goods into his possession in such manner as that they may be said to be in his custody, sell the copartner’s undivided interest therein, and put the transféree into the joint possession of the property sold. Freeman on Executions, vol. 1, sec. 125 ; Hershfield v. Claflin, 25 Kas. 166; Phillips et al. v. Cook, 24 Wend. 389; Wiles v. Maddox, 26 Mo. 77 ; Chandler v. Lincoln, 52 Ill. 75.
Whether it be the duty of the sheriff to seize all the co-partnership property when the sale of the interest of the partner in a quantity less than the whole will satisfy the writ, has not been so universally adjudged, although the right is recognized in the Missouri case above quoted. On principle there should be no difficulty in the premises. The officer is always responsible for the proper discharge of his duty, and will be liable in the event the execution creditor lose any part of his debt by an inadequate levy. This, together with the well known disposition of officers to pro *7 tect themselves in such matters, is a sufficient guaranty for the creditor’s rights. There is no reason to hold it necessary for an officer to take all the property of a firm to satisfy a small claim against an individual member, whose copartnership interest in the property is largely in excess of any possible rights of the creditor, which can be easily secured by the sale of a small portion of that interest. In this case the officer took less than the whole, but enough apparently so that the sale of the copartner’s share therein would satisfy the debt. This he liad a right to do, and the court correctly charged the jury in the premises.
This value the jury found to be $1,000, and the appellants are not in a position to complain of the finding. They allege this to be the value of the goods taken, and there was proof enough in the case, in the absence of countervailing testimony, to warrant their conclusion.
A large number of the instructions given by the court are assailed in the briefs of counsel and assigned for error in the abstract. The court could well have avoided the labor of examining these instructions, since the abstract contains neither the instructions complained of, nor those given and those refused by the court, and it would be impossible from an inspection of that book to determine whether the court erred in what it gave, or in what it refused to give, or whether the whole case was fairly presented to the jury.
Contrary to the usual practice in a condition of things like this, the charge of the court was looked into, and as a whole it can be said to have accurately and impartially stated the issues and presented the law governing the case. The instructions which were refused were either embraced within what the court gave, or they were not justified by the evidence as the case made it.
It would not be useful to extend this opinion to the extreme limit necessary to the demonstration of the accuracy of this position. It is enough to say that there is nothing in respect of these matters which would justify a reversal of the case. The error predicated upon the action of the *8 court with reference to the limit put on the rights of counsel during the trial of the cause scarcely requires consideration. The appellants seem not to have been harmed by the procedure, and whether or not the rights of counsel were conceded to their fullest extent and acknowledged limit, it is not a matter which can be relied on to reverse the case.
The conduct of the trial, and the control of counsel within the bounds of their recognized privileges, is so fully within the discretion of the trial court, that its action in this respect will never be reviewed unless it is manifest that that discretion has been plainly and grossly abused. There is no such showing in this case, and there is no necessity to further consider this matter.
There are no substantial errors apparent in this record. The judgment must be affirmed.

Affirmed.