## NEWKIRK v. NOBLE.

1. PRACTICE—DISCRETION.
Proceedings in the trial courts with respect to the order of introducing testimony are regulated by the discretion of the judge, which is interfered with only when it appears to have been grossly abused.

2. SAME.
It is not necessarily erroneous in an action tried to the court to permit the introduction of testimony after the case has been closed.

3. IMMATERIAL ERROR.
An error which does not affect the substantial rights of the parties is to be disregarded. No judgment will be reversed by reason of any erroneous action of the trial court where no injustice has been done the complaining party.

*Appeal from the County Court of Arapahoe County.*

Messrs. THOMAS, HARTZELL, BRYANT & LEE, for appellant.

No appearance for appellee.

BISSELL, J., delivered the opinion of the court.

This appeal is prosecuted on a most unusual and purely technical basis. We are asked to reverse this judgment because the court below permitted the plaintiff to introduce testimony after the case was closed. The abstract gives us no information about the case, its merits, the basis on which it was contested, nor does it disclose any other matter than that already suggested on which error could be predicated. We dipped into the record to find out what the case was about, though the appellant printed all that was essential to present the proposition on which she relies. It was a suit by Noble against Mrs. Newkirk to recover his commissions for the negotiations of an exchange of some property on Gorsline street, owned by Mrs. Newkirk, for property on 14th avenue, which belonged to Mr. Higgins. The exchange was agreed on, the prices at which the two properties were to be valued were determined, the amount of the unpaid purchase money was ascertained, and provision made for securing it by a trust deed on what was to be deeded to Mrs. Newkirk. This is enough to illustrate the character of the suit. When the time came to complete the transfer, an objection was made to Mrs. Newkirk's title. Mr. Higgins was not satisfied to take it as it then stood, though he offered to complete the exchange if Mrs. Newkirk would execute a bond for a deed conditioned for performance within a time specified. This objection to the title ultimately broke off the trade. Thereupon Noble demanded his compensation on the hypothesis that he had earned it by procuring a customer both able and willing to make the exchange on the agreed terms. The case was tried in the county court in March, 1894. When the testimony was all in the court took the case under advisement, and on

the 10th of April found the issues in favor of the defendant and rendered judgment that she go hence without day and have her costs. A motion was afterwards made to set aside this judgment and permit an argument upon the issues. Two days afterwards this motion was granted. The appellant does not object to this proceeding, treats it as entirely regular and unobjectionable. After the entry of this order, leave was asked to introduce record testimony bearing on the main issue. The motion seems to have been made in the following June, though the motion proper was not filed until some time in September. It was taken under advisement, but when the case came on for final argument it was granted. Acting under the leave thus obtained, the plaintiff produced a witness, Mr. Barnum, and what then transpired is set out in the abstract. Mr. Barnum did not attempt to give testimony which would bear on the disposition of the case. He gave quite an extended legal opinion regarding the matters involved, testified as to what he considered the objections to the title, and commented somewhat at length on the proceedings in the case of *Brown v. The Heirs of Dakin*, known as No. 4443 in the district court. To make the case still a little plainer, it may be well to state that Mrs. Newkirk's title was regularly deraigned from Mrs. Brown, who deeded, after the decree in that suit, to Maurice Arkins. The title was perfect from that point, but Mrs. Brown's title was disputed. She had originally been the owner of the property, and had deeded it to Dakin in exchange for some mining interests, which turned out to be valueless. On the discovery of this fact, and under allegations of fraud and misrepresentation, Mrs. Brown brought suit to cancel her deed because of the fraudulent representations. She commenced her suit by publication. The case went to decree. The conveyance was set aside and the title adjudged to be in Mrs. Brown, who afterwards deeded to Arkins, whence by a regular chain it came to Mrs. Newkirk. Mr. Barnum simply gave a legal opinion regarding this suit and its history, and the plaintiff then introduced the record in that suit. The defendant

objected to the evidence because the case had been closed. The court overruled the objection, received the evidence, took the case under advisement, and ultimately entered judgment in favor of Noble. The introduction of the files in No. 4443 was not objected to. The objection was to the introduction of Mr. Barnum as a witness, on the ground that there was no showing why his testimony had not been offered at the trial and before the entry of the original judgment. This discloses the nature of the matter urged on us for consideration. It will be observed that thus far there has been no statement respecting the merits of the controversy. We have examined the abstract in vain for any evidence bearing on that element of the case. The argument is utterly silent about it. We are unable to find anywhere any suggestion that the appellant was wronged by the judgment, that substantial justice was not done the parties, or that there is any error in the record other than what came from the order permitting the introduction of this record.

Proceedings in trial courts with respect to the introduction of testimony are always regulated by the discretion of the trial judge, which is rarely interfered with or a judgment overturned because of its erroneous exercise, unless it appears to have been grossly abused. *Felt v. Cleghorn,* 2 Colo. App. 4 ; *R. E. Lee S. M. Co. v. Englebach,* 18 Colo. 106.

This is simply suggested, though it may be somewhat doubtful whether under different circumstances, like action on the part of a trial court would not amount to error, which would compel us to reverse the case. It has been pretty generally held that on the conclusion of the main case, the plaintiff may not in rebuttal offer evidence which he should have originally given. Yet permission to do this seldom results in disturbing a judgment. It is a matter which rests so largely with the trial court, and the difficulties surrounding the trial of a case are so many and so complex, that in order to secure substantial justice the power of the *nisi prius* judge to permit it is very frequently upheld. It has sometimes happened that a case has been opened for the introduction of testimony

after the argument has been begun. As we conceive it, this case does not stand on any such basis, or call for an expression of our opinion of what should be done where there was a trial by jury and the plaintiff was permitted to introduce testimony at an irregular time, to the manifest prejudice of the complaining party. This case was tried to the court. It made very little difference when the testimony was offered or what shape it took, so long as the objecting party was not prejudiced. Of course it is true in a motion for a new trial on the ground of newly discovered evidence, a party must show diligence and a failure to discover, and it must appear that the evidence could not have been obtained by the exercise of reasonable diligence. Possibly, on a motion for a new trial, this would have been that sort of a case.

The matter evidenced by the record was a judgment; it was open to the inspection of the parties, and had the plaintiff deemed it important, he ought to have produced it at the time of the original hearing. The appellant, however, does not complain that he was surprised, or that it presented a matter about which he was unadvised, and which he was not wholly prepared to meet. Nor, on the other hand, does he support his claim of error by any suggestion or argument, or demonstration, of other error inhering in the judgment. So far as we are able to discover from what is presented, the substantial rights of the parties were not affected by this proceeding. If this be true, and we must so take it against the appellant because he does not urge to the contrary, we are then bound by our code provision, section 78, which compels us to disregard any error which does not affect the substantial rights of the parties, and forbids us to reverse a judgment by reason of any erroneous action of the trial court where no injustice has been done the complaining party.

The error assigned and argued does not permit us to overturn the judgment, which will accordingly be affirmed.

*Affirmed.*