[No. 4902.]

## LAWS v. NEWKIRK.

1. **Real Property—Quieting Title—Possession under Claim and Color of Title—Payment of Taxes—Limitation Statutes.**

   Where the plaintiff in an action to quiet title was in actual possession of the land in controversy in good faith, under color of title under a tax deed and through divers mesne conveyances from the common source, and had paid taxes on the land for more than seven successive years, she acquired a valid title under the limitation law then in force (Sess. Laws 1893, p. 328, §§ 6, 7), and was entitled to a decree in her favor.—P. 79.

2. **Judgments—Questions Determined—Real Property—Quieting Title—Good Faith—Evidence—Adverse Possession.**

   A person in possession of real property under color of title, employed a real estate agent to negotiate its exchange for other property, and the latter secured a party able and willing to make the exchange, but, on account of a defect in first party's title, later refused to make the exchange. The first party then refused to pay the commission agreed upon, and the agent brought suit for such amount, and obtained a judgment which later was affirmed on appeal. Held, that, as such action involved no issue with reference to the actual validity of the first party's title, such judgment was not a conclusive determination, in a subsequent action by her against others to quiet title, that she did not have a valid title to the premises at that time; nor does the fact that she did not immediately bring suit to quiet title, but waited until her title was perfected under the statute, show a sufficient proof of want of good faith in her claim of title so as to defeat the limitation statute then in force (Sess. Laws 1893, p. 328, §§ 6, 7).—P. 80.

*Appeal from the District Court of the City and*
*County of Denver.*
*Hon. Samuel L. Carpenter, Judge.*

Suit by Emma L. Newkirk against L. J. Laws.
From a decree in favor of plaintiff, defendant ap-
peals.                                                *Affirmed.*

Mr. JOHN T. BOTTOM, for appellant.

Mr. F. A. WILLIAMS, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court:

The plaintiff, Mrs. Newkirk, brought this action
against the defendant, Laws, to quiet title to real
estate. As required by our statute, the defendant
came in and asserted the interest he claimed in the
premises. The parties deraign title from the same
source, Mary E. Brown. In his answer, defendant
alleges that Mrs. Brown conveyed the property to
Henry W. Dakin, upon whose death his heirs con-
veyed it to defendant, who has ever since been the
owner and in possession of it. To this answer,
plaintiff filed a replication specifically setting forth
several distinct titles to the premises, each of which
she claims is superior to that of defendant, one of
which is based upon a judgment, another upon a tax
deed, and others upon titles that accrued under our
various statutes of limitation. Upon proofs taken,
the court found the issues for the plaintiff, and
quieted title in her. Defendant appeals.

For our present purpose, all of the titles under
which plaintiff claims may be disregarded except
that based upon actual possession of the lots under
claim and color of title made in good faith, and the
payment of taxes from 1893 to 1902. In so doing,
we do not intimate that some one or more of the

other titles is not good, but it clearly appears that upon this ground, if the facts alleged are proved, her title is good, under the limitation law then in force, and superior to that of the defendant, and warranted a decree in her favor.—Session Laws 1893, p. 328, §§ 6 and 7.

Unquestionably, plaintiff was in actual possession of the property during all of this time under claim and color of title and paid the taxes. The defendant, however, says that such claim was not made in good faith, and, as we understand from the brief of his counsel, this is the only defect relied upon. The evidence which it is claimed shows lack of good faith does not sustain the contention. Plaintiff had color of title under a tax deed, and through divers *mesne* conveyances from the common source.

While she claimed to own the property, she employed Noble, a real estate agent, to negotiate for its exchange for other property. The agent secured a party ready, able and willing to effect the exchange, but because of some defect in plaintiff's title, the other contracting party would not consummate it, and Mrs. Newkirk refused to pay Noble the commission which he claimed for his services. He sued her for the same and obtained a judgment, which afterwards was affirmed by our court of appeals.—*Newkirk v. Noble,* 8 Colo. App. 276.

The defendant says that, in affirming this judgment, the court of appeals determined that plaintiff did not have title to the lots in question, and if her holding was in good faith, it was her duty at that time (1896) to bring suit for the purpose of quieting her title as against those claiming in hostility to it, and that her subsequent payment of taxes and possession lacked the element of good faith which must be established before the statute perfects her title.

Neither the county court in which the judgment was rendered, nor the court of appeals which affirmed it, determined that the defendant did not have title to the lots in question, and there is nothing in the opinion of the court of appeals which gives sanction to such position. In awarding judgment to Noble for his commission, we are justified in saying that the county court did so because he had earned it by producing a customer able and willing to make the exchange on the agreed terms. The mere fact that because of some defect, or alleged defect, in the title the customer would not take the property, is not an adjudication that plaintiff's title was, in fact, defective. No such issue was involved or decided in the Noble suit, as a reading of the opinion discloses.

The court below in the pending action must have found that during the period alleged the plaintiff's claim was in good faith, and that she had actual possession, and paid these taxes believing that the property was hers. The mere fact that plaintiff did not bring an action to quiet title at the time of the rendition of the Noble judgment, but waited until after her title became perfected in 1902, is not sufficient proof of want of good faith upon her part.

An examination of the evidence, which it is not necessary to detail, shows that the findings of the court are sustained by legal and sufficient evidence. Its judgment is therefore affirmed.     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.