## McCLURE *v.* SANFORD et al.

1. All laws of the Territory of Colorado relating to appeal from the probate to the district courts, previous to the act of January 31st, 1872 (p. 105), were without force and void.

2. The statute (1872, p. 105) does not require process to be issued to bring into the district court parties not joining in an appeal thereto from the probate court.

3. The district court, being a court of general jurisdiction, must be presumed to have complied with its own rules of practice in dismissing an appeal unless the contrary is affirmatively shown.

4. When the appellant fails to appear in the district court and prosecute his appeal, it is not incumbent on the court to try the case; it may be dismissed on motion.

*Error to District Court of Jefferson County.*

THE case is stated in the opinion.

Mr. C. S. EYSTER, for plaintiff in error.

STONE, J. At the September term, A. D. 1874, of the probate court of Jefferson county, Emma E. Sanford and P. B. Sanford obtained judgment against Charles Y. Mc-

Clure, Constance Duhem and Victor Duhem, for the sum of $157.50, from which judgment McClure took an appeal to the district court of said county, the other two defendants not joining in the appeal.

It further appears from the record that at the April term, A. D. 1875, of the district court of Jefferson county, the said cause was continued "by order of the court;" that at the October term of said court the cause again went over, after being twice set for trial during the term; that afterward, at the April term, A. D. 1876, on the 4th day of the term, the appellant not appearing, on motion of the appellees the appeal was dismissed at the cost of the appellant and *procedendo* awarded.

That part of the transcript setting forth the dismissal of the appeal and the judgment thereon is as follows: "At this day came said appellees by their attorney, and none appearing for appellant, on motion of said appellees, the appeal herein is dismissed at cost of appellant. It is further considered by the court, that a *procedendo* be issued herein, commanding said probate court to proceed on said judgment without further delay, in such manner as the law directs, in all respects as if said appeal had not been taken."

The case is brought into this court on a writ of error by the said Charles Y. McClure, and it is assigned for error: 1st. That the appeal was dismissed before the co-defendants in the probate court, who did not join in the appeal, had been first brought into the district court by summons issuing therefrom; 2d. That it does not appear by the record that the defendant McClure was "called to prosecute his appeal;" and 3d. That the court erred in not trying the case. There are other assignments, but they are all comprehended in those above mentioned.

Upon the first and second points, counsel for plaintiff in error cited section 44 of the act concerning justices of the peace, R. S. 406, which provides that when one of several parties appeals from a justice of the peace to the district court, a summons shall issue from the district court to the

parties not joining in the appeal, and upon a return of "not found, the case shall at the first term of the court be continued, but at the second term shall be tried;" and also section 7 of an act concerning probate courts, R. S. 523, which declares "that * * * in all cases an appeal or writ of *certiorari* shall lie to the district court of the county, to be prosecuted in the same manner as appeals and writs of *certiorari* are prosecuted from decisions of justices of the peace," and it is thereupon contended that the district court could not act in this case until such summons had been issued, and that when it did act, it had authority only to try the case.

Under the original Organic Act of Colorado, the jurisdiction of probate courts, except as to probate business proper, was the same as that of justices of the peace, limited to one hundred dollars in the amount sued for, and in pursuance thereof the Probate Act cited by counsel was passed by the first legislative assembly in 1861, in which it was provided that appeals from probate to district courts should be prosecuted the same as appeals from justices of the peace. Subsequently, however, in 1863, an amendment to the Organic Act extended the jurisdiction of probate courts and wholly changed their character by making them courts of record, clothed with chancery powers, and with common law jurisdiction concurrent with the district court within the limit of $2,000. In accordance therewith, the legislature by the act amendatory of the former acts concerning probate courts, approved Feb. 8th, A. D. 1865, R. S. 527, provided not only for the changed character of probate courts in other respects, but in sections 4, 5, 6 and 7 prescribed in detail the mode of taking and prosecuting appeals from that court to the district court. Thus the law stood up to 1867, when the supreme court of the Territory at the July term of that year, in the case of *Cass* v. *Davis*, 1 Col. 43, held that so much of the act of 1865 as relates to appeals from probate to district courts, is so far repugnant to the Organic Act as to be inoperative and void, and that,

therefore no appeal would lie from the judgment of a probate to the district court of the Territory. Thereafter Congress passed another act amendatory of the Organic Act, approved May 4th, A. D. 1870,. which, so far as relates to the subject under consideration, is as follows: "That the organic law of the Territory of Colorado be, and the same is, hereby so far amended that an appeal shall be allowed from any final order, judgment or decree of any probate court in said Territory to the district court of the district within which such probate court is held, under such proper regulations as shall be prescribed by the law of said Territory."

In pursuance of this amendatory act, the territorial legislature, for the purpose of carrying out, and giving effect to said amendment of the organic law, passed the act concerning probate courts, approved January 31, 1872 (Sess. Laws, 9th Sess. 105), and which provides the mode in which appeals shall be taken from probate to district courts, and prosecuted therein.

From all this it follows that —

1. All laws of the Territory relating to appeals from the probate to district courts, previous to the act of January 31st, A. D. 1872, were without force and void.

2. The law of 1872, relating to such appeals, is the only law which governs in this case, and by which the question raised by the first assignment of error is to be determined; and,

3. Since the said law contains no requirement of the issuance of process to bring into the district court parties not joining in an appeal thereto from a probate court, this assignment of error is not well taken.

The second assignment of error is properly to be considered in connection with the other point made by the plaintiff in error, that the record does not allow that the appellant "was called to prosecute his said appeal" previous to its dismissal.

Both these points raise a mere question of practice, and

hence what was done, if any thing, in respect to such call-ing of the appellant, is not necessarily a part of the record which is silent upon this point. The district court, being one of general jurisdiction, must be presumed to have com-plied with its own rules of practice, unless the contrary is affirmatively shown. And the practice in this respect, being outside of any statutory requirement, is within the dis-cretion of the court.

That the court below acted within authority in dismissing the appeal for want of appearance of the appellant to prose-cute his appeal there can be no question. *Shook* v. *Thomas,* 21 Ill. 90 ; *Allen* v. *The City of Monmouth,* 37 id. 380. And, therefore, it was not incumbent on the court to try the case. *Shook* v. *Thomas,* cited above.

That the appellant had ample time and opportunity to prosecute his appeal, if he had chosen to do so, is evident from the record, which shows that the appeal was not dis-missed until the fourth day of the third term after the case came into the district court, and as we can perceive no error in the record of the court below, the judgment must be af-firmed.

*Affirmed.*