[No. 4360.]

## McConaghy v. Doyle et al.

1. **Mines and Mining—Known Vein in Placer Location—Burden of Proof.**

As between placer locations and subsequent conflicting lode locations, a known vein within the limits of a placer, when that question is raised collaterally, is one known to exist at the time of application for patent for such placer, and to contain minerals in such quantity and quality as to justify expenditure for the purpose of extracting them. And the burden of proof is upon the lode claimant to establish by clear and convincing testimony that the vein or veins, which he claims, are of the character which would render them known veins.

2. **Same—Evidence.**

One claiming land as a lode location against a prior placer location upon which patent has issued, must establish that the ground so claimed was known to be valuable to operate as a lode mining claim when application for patent was made upon the placer. Evidence of the existence of a vein which might be sufficient to support a lode location as against a conflicting lode claim, or as against a subsequent placer location in an adverse suit, is not sufficient to establish the existence of a known vein within the boundaries of a prior patented placer location.

3. **Same.**

Evidence considered and held insufficient to show the existence of a known vein within the boundaries of a placer location at the time a patent thereto was applied for.

4. **Adverse Suits—Pleading—Practice—General Denial—Evidence.**

In an adverse suit where plaintiff alleged a location on unappropriated mineral land, under a general denial by defendant, a patent to a prior placer location was admissible in evi-

dence to show that plaintiff's location was not made upon land subject to location.

**5. Same—Inconsistent Defense—Estoppel.**

In an adverse suit between two lode claimants the boundaries of whose claims were identical, where plaintiff's discovery shaft was located within the boundaries of a prior patented placer claim and defendant's discovery shaft was outside the placer boundaries, because defendant averred in his answer that his location was made upon unappropriated mineral land, he was not thereby estopped to introduce evidence to. prove that plaintiff's location was not upon land subject to location.

**6. Adverse Suits—Conflict Between Placer and Lode Claims— Application for Patent—Amendment.**

In an adverse suit where it appears that plaintiff's lode claim was made upon a prior placer location and that at the time of the original application for patent to the placer claim the vein upon which the lode location was made was not known to exist, the fact that the application for patent was amended after the lode location was made was immaterial where the discovery shaft of the lode claim was included in the original application and the amendment did not embrace any additional territory.

**7. Mines and Mining—Known Vein in Placer Location—Notice.**

The fact that a lode claim including part of the ground of a placer claim was made prior to application for patent to the placer which lode claim was abandoned before the issuance of patent for the placer, would not charge the placer claimant with notice of the existence of a known vein within the limits of the placer where no mineral was disclosed in any vein upon the abandoned lode claim which would justify expenditure for the purpose of extraction.

*Appeal from the District Court of Teller County.*

Mr. Bruce Glidden and Messrs. Potter & McCarthy, for appellant.

Mr. J. Warner Mills, for appellees.

Mr. Justice Gabbert delivered the opinion of the court.

The subject-matter of controversy between the parties to this appeal is mining premises claimed by

appellant as the Conejos, and the appellees as the Victor Addition lode. Appellees, as the owners of the Victor Addition, brought suit against appellant, as defendant, in support of their adverse against the application of the latter for patent to the Conejos lode. From a judgment in favor of plaintiffs, the defendant appeals.

The boundaries of the respective claims are identical. The Conejos is the older location, having been located in November, 1893. There is no question about its validity originally. The only attack made upon it at the trial, was, that the assessment for 1895 had not been performed. The performance of the assessments for the subsequent years is not questioned. In February, 1896, the Victor Addition was located, the discovery and location being made upon tract C of a placer claim, known as the Eldorado. Application for patent on this placer was made on September 24, 1894, and thereafter prosecuted to completion. The patent therefor includes the tract upon which the discovery and location of the Victor Addition were made. The right so to do on the part of the claimants of the Victor Addition lode is asserted upon the ground that the vein upon which the discovery and location are based was known at the time of the application for patent upon the Eldorado placer. This proposition is controverted on the part of the claimant of the Conejos, the contention in his behalf being that the vein upon which the Victor discovery and location are based was not known at the time application for patent on the Eldorado placer was made. It is immaterial, therefore, whether the assessment was performed upon the Conejos for 1895 or not, if it should appear, as contended by counsel for appellant, that the vein which is the basis of the location of the Victor Addition lode, was not known to exist at the time of the application for patent on

the Eldorado, for the reason that if the location of the
Victor Addition was of no validity because made
within the boundaries of a prior valid placer location,
it could not prevail over the Conejos. The real ques-
tion, therefore, presented for determination, is, what
constitutes a "known vein," within the limits of a
placer at the time application for patent therefor is
made, when that question is a collateral issue between
a placer and a subsequent lode location? This was
one of the litigated questions determined below, and
it becomes necessary to briefly notice the testimony
bearing on this question for the purpose of ascertain-
ing whether or not it was sufficient to sustain the
finding of the jury, that the vein located by the Victor
Addition by virtue of which the premises in contro-
versy are claimed by appellees, was known at the time
application for patent was made upon the Eldorado
placer.

Tract C of the placer in question, within the
boundaries of which the Victor Addition discovery
shaft was sunk and location notice erected, is twenty
feet square, and is located something over two hun-
dred feet south of the discovery shaft of the Conejos,
and a little to the west of the center of the premises
in dispute. There was testimony to the effect that
the vein upon which the discovery and location of
the Conejos is based passes through tract C, and may
be the same vein disclosed in the discovery shaft of
the Victor Addition; that a vein was disclosed within
a few feet of the northwest corner of tract C of the
placer; and that at the time application for patent
for the placer was made, there were indications of the
outcrop of a vein within tract C. This vein, however,
was not claimed as the Victor Addition, nor was any
work done upon it until after the application for pat-
ent on the placer had been made. The shaft then exca-
vated disclosed some mineral, but there is no testi-

mony whatever of the existence of a vein within the limits of tract C, or that the vein upon which the Victor Addition claim was located contained or disclosed mineral of a quantity or quality which would justify its being operated as a mine. In short, the testimony is to the effect that while there may be evidence of the existence of a vein within the limits of tract C of the placer, and upon which the Victor Addition location is based, the shaft does not disclose, nor was any mineral in a vein within the limits of this tract ever disclosed, in quantity or value which would justify expenditure for the purpose of extraction.

Section 2333, Revised Stats. U. S., provides, in substance, that patent to a placer shall not convey title to veins included within the boundaries thereof known to exist at the time application for patent for the placer is made, but that unknown veins embraced within the limits of a placer pass to the placer patentees. Known veins are thus exempted from patent applications on placers by operation of law, but unknown veins are not. The purpose of this statute was two-fold: (1) To prevent title to known veins from being obtained by placer patents; and (2) to protect the placer patentee in his title to all mineral and other deposits within the boundaries of his claim not known to exist at the time application for patent therefor was made.

The earlier decisions on the subject of what constitutes ''known veins'' within the limits of a placer are not altogether clear or harmonious, but without attempting to enter into any extended discussion of the question at this time, it is sufficient to say, that it is now settled that as between placer and subsequent conflicting lode locations, a known vein within the limits of a placer, when that question is raised collaterally, is one known to exist at the time of application for patent for such placer, and to contain min-

erals in such quantity and quality as to justify expenditure for the purpose of extracting them.— *Iron Silver M. Co. v. Mike & Starr G. & S. M. Co.*, 143 U. S. 394, 12 Sup. Ct. Rep. 543; *Montana Central Ry. Co. v. Migeon,* 68 Fed. 811, affirmed 77 Fed. 249; *Brownfield v. Bier,* 39 Pac. (Mont.) 461; *Casey v. Thieviege,* 48 Pac. (Mont.) 394; *U. S. v. Iron Silver M. Co.,* 128 U. S. 673; *Largey et al. v. Black,* 10 L. D. 156; *Butte & B. M. Co. v. Sloan,* 40 Pac. (Mont.) 217; 2 Lindley on Mines, § 781.

It is also settled that the burden of proof in such circumstances is upon the lode claimant to establish by clear and convincing testimony that the vein or veins, which he claims, are exempted from the placer application by operation of law, are of the character which will render them known veins, as above defined. —*Mont. Central Ry. Co. v. Migeon, supra;* 1 Snyder on Mines, § 666; *Cripple Creek G. M. Co. v. Mt. Rosa M. M. & L. Co.,* 26 L. D. 622.

These decisions are based upon the proposition that one claiming land as a lode location as against a prior placer location upon which patent has issued, must establish that the ground so claimed was known to be valuable to operate as a lode mining claim when application for patent was made upon the placer, and that unless this does appear as a fact, he will not be permitted to take it from another who has previously located it as a placer claim and obtained patent therefor. Mere outcroppings or other indications of a vein within the limits of a placer, or evidence of the existence of a vein which might be sufficient to support a lode location as against a conflicting lode claim, or sustain a lode location as against a subsequent placer location in an adverse proceeding, are not sufficient to establish the existence of a known vein or lode within the boundaries of a placer prior in point of time, and which has been patented.

The testimony in this case wholly fails to establish a state of facts which would justify the conclusion that a "known vein" existed within the limits of tract C of the Eldorado placer at the time the patent was applied for, or at any subsequent date. There may be a vein within this tract which shows mineral in appreciable quantities, but it does not appear that it is of such quantity or quality as would justify expenditures for the purpose of extracting it.

Since this cause was tried below we have had occasion to consider the relative rights of locators of mineral claims of one class as against subsequent locators of another class, in the case of *Cleary v. Skiffich*, 28 Colo. 362, 65 Pac. 59, 89 Am. St. Rep. 207, which we cite as an additional authority supporting our conclusion that the evidence in this case wholly fails to establish the existence of a known vein within the limits of tract C of the Eldorado placer.

In discussing the location of the Victor Addition, which was within the boundaries of tract C, we must not be understood as recognizing that the locators of the lode had the right to enter upon tract C and there prospect for the purpose of discovering a vein. That question is immaterial in this case for two reasons: (1) The testimony fails to establish the existence of any vein in tract C which was exempt from the operation of the patent; and (2) the work claimed as the discovery shaft of the Victor Addition did not disclose a known vein within the meaning of the law as applied to the facts of this case.

Counsel for the only appellee who has entered an appearance in this court advances three propositions which will now be considered: (1) That under the pleadings the patent to the Eldorado placer should not have been received; (2) that the Eldorado placer applicants could not amend their application so as to

take in the Victor Addition discovery shaft; and (3) that under the doctrine announced in *Noyes v. Mantel,* 127 U. S. 148, the Eldorado placer patent is void.

The complaint filed by appellees contained the averments usually made in support of an adverse claim against an application for patent, and averred, among other things, that the Victor Addition lode was located on unappropriated mineral land. For answer the defendant interposed two defenses: (1) A general denial; and (2) the discovery and location of the Conejos lode upon mineral land subject to location; and averred that the premises described in the complaint were part and parcel of the Conejos lode mining claim. To this second defense a replication was filed. It is claimed that under this state of the pleadings there was no issue which rendered the patent for the placer admissible as evidence. Under a general denial a defendant is not limited to the introduction of testimony merely negative in its nature; that is, simply contradicting that which the plaintiff may have introduced. For this purpose testimony, though of an affirmative character, is admissible under a general denial when its effect is merely to contradict and nothing more, that which the plaintiff may have offered in support of the issues tendered by his complaint. In other words, testimony affirmative in its nature is competent under a general denial, when its effect is simply to establish that the testimony offered by the plaintiff in support of the averments of his complaint is not true—Pomeroy's Rights and Remedies, § 671. Plaintiffs averred the location of their claim upon unappropriated public domain. This was denied. In order to establish the validity of their claim it was incumbent upon them, when the issue was made, to establish a discovery and location upon mineral land subject to location; consequently, when

that question was in issue, it was competent for the defendant to introduce any testimony which would tend to prove that the location of the Victor Addition lode was not upon land subject to location as such.— *Girard v. Carson*, 22 Colo. 345.

It is contended that because of the averments in the answer to the effect that the premises in dispute had been located upon unappropriated mineral land as the Conejos lode, that the defendant was estopped from introducing any testimony which would tend to prove that this was not the fact. In other words, it is argued that the defense, to the effect that the premises in controversy were located upon unappropriated mineral domain, as the Conejos lode, amounts to an assertion that such premises were subject to location, and the defendant cannot assume different positions which are mutually destructive of each other, and leave him without any standing in court. Under the facts of this case, and the pleadings, neither proposition is tenable. The effect of the two defenses, whatever the second may be termed, was to plead that the location of the Victor Addition was not upon unappropriated mineral land, and that the Conejos was. The effect of introducing the patent to the Eldorado placer in connection with other proof, was merely to invalidate the location of the Victor Addition lode, because the discovery upon which it was based was within the boundaries of tract C of the placer. Such proof, however, did not invalidate the location of the Conejos, because its discovery was without the boundaries of that tract. Hence, the offer of the patent did not place defendant in an inconsistent position. On the contrary, this evidence was competent to establish his claim as pleaded, that the Victor Addition was an invalid location, and the Conejos a valid one.

The contention that the application for patent of

the Eldorado placer could not be amended so as to take in the discovery shaft of the Victor Addition lode is clearly without merit. This amendment, in so far as it has any bearing on the case, only reduced the area of tract C, and therefore did not embrace any additional territory; consequently, the relative rights of the placer and lode were in no manner changed, because tract C, as originally described in the patent applied for, included the Victor Addition shaft. The fact that such application was amended after location of the Victor Addition lode is not material in the circumstances of this case. At the time the original application for patent on the Eldorado placer was filed, the vein within the limits of tract C was not a "known vein," and its character in this respect had not been changed at the time the placer application for patent was amended.

The Conejos lode, and also a claim known as the Unexpected, were located prior to the application for patent on the Eldorado placer. In both instances the ground embraced within these lodes included tract C. The location of each lode claim was duly perfected. For these reasons it is asserted that according to the decision in *Noyes v. Mantel* it must be held that when patent was applied for upon the placer, the patentee was charged with notice of the existence of a known vein within the limits of tract C. The Unexpected was abandoned prior to the issuance of patent for the placer, and as no mineral was disclosed in any vein upon this claim, which would justify expenditure for the purpose of extraction, the fact that the Unexpected was once an existing lode location is of no moment.—*Migeon v. Mont. Central Ry. Co.,* 77 Fed. 249. Whether or not the placer mentioned in *Noyes v. Mantel* was located subsequent or prior to the lode claim conflicting therewith is not

expressly stated, but as we read that case it appears the lode was the prior location, for it was held that the statute—Sec. 2333, Revised Stats. U. S.—did not apply to lodes or veins within the boundaries of a placer which had been previously located. The test, then, in applying the law as announced in *Noyes v. Mantel,* is not the relative dates of the location of the lode and application for patent on the placer, but the relative dates of the respective locations. What might now be the law in case it appeared the Conejos was located prior to the Eldorado placer, it is not necessary to determine, for that question is not presented, and we express no opinion on that proposition.

From the record now before us, it does not appear that the Victor Addition lode was located upon a vein exempted from the operation of the patent issued on the Eldorado placer; consequently, its validity as a lode location was not established.

The judgment of the district court is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*