[No. 4492.]

The San Miguel Consolidated Gold Mining Company et al. v. Bonner.

1. **Practice in Civil Actions—Opening Statement.**

    It is not error for the court to refuse to allow plaintiff's counsel in his opening statement to the jury to state his theory of the law applicable to the case.

2. **Practice — Trials — Discretion of Trial Courts — Appellate Practice.**

    Practice and procedure, outside of statutory provisions, are so largely within the sound discretion of trial courts and the conduct of trials and the latitude to be allowed counsel are so largely within their control, that, except for illegal or gross abuse of discretion, their action with respect thereto should be upheld.

3. **Evidence—Boundaries—Parol to Explain ´Ambiguity—Order of Proof.**

    The order of proof is largely in the discretion of the trial court, and it was not error to refuse to permit parol testimony as to the location of the corner of a mining claim to explain

a latent ambiguity in the location certificate before the location certificate had been offered in evidence.

4.  Evidence—Admission cf Incompetent—Failure to Object—Appellate Practice.

The admission of evidence not objected to at the trial cannot be complained of on appeal.

5.  Appellate Practice—Abstract of Record—Evidence.

An objection to the admission in evidence of an amended location certificate, on the ground that the original certificate was void for uncertainty and indefiniteness in the description of the claim, will not be considered on appeal if the abstract of record does not set forth the description as contained in the original certificate, and the incorporation of such description in the briefs is not a compliance with the rule requiring the abstract to set forth fully the points relied on for a reversal of the judgment.

6.  Evidence—Cross-Examination.

Where counsel on cross-examination of a witness repeated several times substantially the same question to which practically the same answer was given, it was not error to sustain an objection to further questions on the same line.

7.  Evidence—Mining Claims—Failure to do Assessment Work.

Where, in an adverse suit, there was evidence enough of failure of plaintiffs to do assessment work on two certain years to defeat plaintiff's right of recovery, the fact that some evidence of failure to do assessment work on other years was admitted was not prejudicial to plaintiffs.

8.  Same.

In an adverse suit where plaintiffs did not ask the trial court to restrict evidence of their failure to do assessment work to certain years nor tender instructions requiring the jury to consider only the evidence of failure for such years, they cannot on appeal complain that evidence was admitted for failure to do work on other years.

9.  Mining Claims—Adverse Suits—Instructions—Presumption.

In an adverse suit between the owners of a placer claim and the owner of a lode claim an instruction that if it was shown that defendant, owner of the lode claim, had made a valid location upon a vein, he was entitled to the presumption that the vein so located upon extended through the entire length of his claim unless such presumption was overcome by a preponderance of evidence, was applicable, the same as if the controversy had been between rival lode claims.

**10. Mines and Mining—Adverse Suits—Instructions—Evidence.**

In an adverse suit, where, under the evidence, the jury might find that neither party had made a valid location, an instruction that, if the evidence failed to disclose that either party was entitled to recover, the verdict might be accordingly, was proper.

**11. Same—Appellate Practice.**

In an adverse suit where the jury returned a verdict finding that the ground in controversy belonged to defendant by virtue of the superiority of his location, plaintiffs were not prejudiced by, and cannot complain of, an instruction which submitted to the jury the question as to whether or not both parties had failed in their proof.

*Appeal from the District Court of San Miguel County:*
*Hon. Theron Stevens, Judge.*

Messrs. Story & Story and Messrs. Allen & Steigmeyer, for appellants.

Mr. R. H. Wilson, for appellee.

Mr. Justice Campbell delivered the opinion of the court.

The dispute is over a strip of mining ground claimed by plaintiffs and appellants as a parcel of the Happy Home placer, and by defendant (appellee) as a part of the Loopton lode mining location. The owner of the lode claim first applied for a patent, and appellants, as owners of the placer, filed in the United States land office their protest or adverse claim against the same, and seasonably brought this action in its support. Trial was to the court and jury, and a verdict was returned for defendant on which judgment was rendered, and plaintiffs are here with this appeal, urging as grounds for reversal alleged erroneous rulings below, to the consideration of which we now proceed.

1. In his opening statement to the jury counsel

for plaintiffs, after stating to the jury that they were to take the law from the court in instructions that would be given at the close of the trial and before argument, proceeded to state the law applicable to the case, as he understood it, for the alleged purpose of giving to the jury his theory of the case, so that they might be the better enabled to appreciate and apply the facts as they were elicited during the trial. To this course defendant objected, in which he was sustained by the court. In support of plaintiffs' exception to the ruling they insist that a plaintiff's counsel has the absolute right to state to a jury in his opening address not only the case as made by the pleadings, and the evidence by which he proposes to sustain it, but that he may also state so much of the law as, in his judgment, is necessary to enable him to convey to the jury an intelligent idea of the force, effect and bearing of the testimony in the case. To this are cited:—*Fosdick v. Van Arsdale,* 74 Mich. 302; *Prentis v. Bates,* 93 Mich. 234; *McDonald v. People,* 126 Ills. 150; 2 Enc. Pl. & Pr. 706.

To the contrary appellee cites:—*Giffen v. Lewiston* (Idaho), 55 Pac. 545, 549; *Hill v. Colo. Nat. Bank,* 2 Colo. App. 324-9; *Felt v. Cleghorn,* 2 Colo. App. 4-8; *Pickett v. Handy,* 5 Colo. App. 295.

The respective contentions are substantially sustained by some of these authorities. Whatever the practice may be in other jurisdictions, our code, section 187, in prescribing the order of trials by jury, provides that after the jury is sworn, unless for good cause shown the court otherwise directs, the proceeding shall be:

"First.—The party on whom rests the burden of the issues may briefly state his case, and the evidence by which he expects to sustain it.

"Second.—The adverse party may then briefly

state his defense, and the evidence he expects to offer in support of it.''

These clauses confer upon respective counsel no authority in opening to state the law of the case to the jury. Subdivisions 6 and 7 of the same section require the court to give instructions upon the law after the evidence is closed and before argument is begun, which may, in all cases, be read to the jury and commented on by the attorneys in argument, and, if requested by either party or the jury, may be taken by the latter in their retirement. Ample provision is thus made for counsel, at a certain stage in the progress of the trial, to read to the jury, and comment upon, the law of the case which the jury must take from the court. The mere fact that the court does not allow counsel in his opening to exercise the statutory right here given, and before he could know what the court would declare the law to be, instead of in his argument at the close of the case, where the code says it shall be enjoyed, is not something of which a party may complain. In other words, since the code has declared what a party may state to the jury in his opening, he may not, as of right, make any statements other than those specially permitted.

Furthermore, the right of counsel here asserted, if it exist at all, does not, as already said, spring from statute. Practice and procedure, outside of statutory provisions, are so largely within the sound discretion of trial courts, and the conduct of trials and the latitude to be allowed counsel are so largely within their control, that, except for illegal or gross abuse of discretion, their action with respect thereto should be upheld.—*McClure v. Sanford,* 3 Colo. 514, 518. From the brief reference found in the abstract, we do not believe that any prejudice could have resulted to plaintiffs by reason of the refusal of the

court to permit their attorney to state to the jury the law of the case in the opening remarks.

2.  At the trial plaintiffs sought, by oral testimony, to show the actual situs of one of the corners of the placer location, to which objections were made by defendant on the ground that the location certificate, which had not then been offered, was the best evidence thereof, and its production was a condition precedent, and the court sustained the objection. Plaintiffs now assert that this was prejudicial error because there was a latent ambiguity in the location certificate which made this oral testimony competent and admissible.  They say that, in case of conflict or doubt or ambiguity, monuments and boundaries are paramount to courses and distances as written in the location certificate, to which a number of Colorado cases, including *Pollard v. Shively,* 5 Colo. 309, are cited.

Unquestionably, this is true, but the order of proof is largely in the discretion of the trial court, and until the location certificate was offered in evidence it was not possible to say that there was a conflict between the monuments and the boundaries and the courses and distances mentioned therein, or that there was a latent ambiguity in the description which made necessary or proper the production of oral evidence to remove the same.  There was no error in this ruling.  Aside from this, we gather from the abstract that at a later period in the trial, after the production by plaintiffs of the location certificate, opportunity was thereby afforded plaintiffs to submit their oral proof.

3.  The defendant offered in evidence the original location certificate of the Loopton location and afterwards an amended certificate.  Plaintiffs say now that the original certificate was void for uncertainty and indefiniteness in description, and its admis-

sion improper for any purpose; and since the original was void, the admission of the amended certificate was erroneous. The record fails to show an objection to the introduction of these certificates upon any ground. It is too late, now, for counsel to say that they were improperly admitted.

But if the objection had been seasonably made, and exception taken below, it could not now be considered, because the abstract does not purport to set forth *in haec verba*, or otherwise, or even by appropriate reference to the transcript, the description of the claim as contained in the certificate, which is now said not to conform to the provisions of the federal and state statutes on that subject. It is true that this description is, in part, set out in appellants', and, in its entirety, in appellee's, brief; but this is not a compliance with rule 14, which requires so much of the evidence to be set forth in the abstract as is necessary fully and clearly to present the point relied upon. Our rule in this particular was made to be enforced, not to be waived or nullified by counsel at their pleasure.

In thus disposing of this assignment we are not to be understood as holding that the objection made is tenable. Indeed, the description found in the original location certificate of the Loopton lode is more certain, definite and exact than the one which the supreme court of the United States, held sufficient in *Hanover v. Garfield M. Co.*, 130 U. S. 291. In commenting upon this decision, Mr. Morrison, in the 10th edition of his work on Mining Rights, at page 68 *et seq.*, refers, with apparent disapproval, to a number of cases wherein location certificates more defective than the one under consideration are upheld by respectable courts of last resort.

4. In his examination in chief, the testimony of defendant tended to show that during the year

1891, which was the year prior to his alleged location, the plaintiffs, owners of the Happy Home placer, had not done the annual assessment work required by the federal statute. Upon cross-examination, plaintiffs sought, by numerous questions, to inquire as to where defendant was during this year, and after thus proceeding at some length, going over the same ground in some respects at least twice, defendant's counsel objected to further inquiries of this sort, and the court sustained the objection. Plaintiffs say that, in thus limiting the field of inquiry by cross-examination, they were wronged.

While courts should not in such cases unduly limit the scope of cross-examination, we cannot say that plaintiffs sustained injury by the action criticised. Plaintiffs did not intimate, further than the questions themselves would indicate, their object in further pursuing the inquiry, and it would seem that the court had already sufficiently indulged counsel in allowing him to repeat again and again substantially the same questions, to which practically the same answers were given.

5. It is also argued as error that there was not a sufficient showing by defendant that he had discovered by his lode location valuable mineral-bearing rock; and the particular failure of proof alleged consists in a lack of identification of the ores, whose value was testified to by an assayer, with ores taken from the claim. We do not agree with counsel. The record sufficiently shows such identity, as well as establishes the fact that valuable mineral was taken from the claim.

6. That some testimony was introduced to show a failure by the owners of the placer location to do assessment work other than for the years 1891 and 1899, which plaintiffs maintain, under the issues, were the only years for which such testimony was

relevant, cannot have prejudiced the plaintiffs. The evidence, in part, was of a general nature, to the effect that no assessment work, during any year, had been done by plaintiffs. There was enough testimony with respect to these two years to justify the findings of the jury, and if there was a failure during the years which plaintiffs themselves concede were proper subjects of inquiry, that would defeat plaintiffs' right of recovery.

Besides, if plaintiffs wanted to have the evidence upon this issue confined to the two years in question, they should have requested the court thus to restrict it at the time it was offered, or have tendered an instruction requiring the jury thus to consider it, neither of which was done.

7. The law applicable to the facts as disclosed by the evidence seems to have been given with unusual clearness and precision by the trial court. Some of the instructions which were drawn and tendered by the plaintiffs, were given without modification, and if there are any errors in the charge, as a whole, they are in favor of, rather than against, plaintiffs. Without unnecessarily prolonging the opinion, we may say that the contention that, while several of the instructions contain correct abstract principles of law, they are inapplicable to the facts, is not borne out by the most careful scrutiny of the charge. Neither are the instructions misleading. Appellants strenuously argue that it was error for the court, as it did, to instruct the jury that, if they believed the defendant had made a valid location of the Loopton lode, he was entitled to the presumption that his vein so located upon extends through the entire length of his location, unless such presumption is overcome by a preponderance of the evidence to the contrary, because the same is inapplicable to a controversy between a lode claim and a placer location. Why the doctrine is

not just as applicable to a controversy of this character as to one between rival lode claims, we are not advised. The evidence showed that the course or strike of the vein, as disclosed at the point of discovery in the discovery tunnel, was substantially parallel with, and had the same general course as, the location as staked upon the ground, and the instruction simply applied the law as heretofore declared by this court in controversies between rival lode claimants.—*Armstrong v. Lower,* 6 Colo. 393; *Wakeman v. Norton,* 24 Colo. 192; *Patterson v. Hitchcock,* 3 Colo. 533.

There is nothing in *McConaghy v. Doyle,* 32 Colo. 92, or *Cleary v. Skiffich,* 28 Colo. 362, contrary to this conclusion.

Plaintiffs also complain of an instruction given that, if the evidence failed to disclose that either party was entitled to recover, the verdict might be accordingly. Counsel say that this was contrary to the decision of our court of appeals in *Fleming v. Daly,* 12 Colo. App. 439. That case merely decided that where the evidence clearly established that one of two contestants was entitled to the possession, and the only facts under the evidence to be determined were, as to which one it belonged, it was improper for the court to submit to the jury the question as to whether or not both parties had failed in their proof. There is no such case here. We cannot say that the evidence clearly established that either one or the other contestant ought to recover. The jury might, under this evidence, have found that neither party had made a valid location. At all events, as the jury, under the facts and law, found that the ground in conflict belonged to the defendant by virtue of the superiority of his location, certainly no error prejudicial to the plaintiffs was committed by instructing

that, if neither party had made out his case, the jury must so find.

Other objections to the instructions and various. rulings of the court have been briefly referred to in the argument of counsel and set forth in the assignment of errors, but, in our view, the foregoing disposes of all objections that are substantial or worthy of discussion.

Perceiving no material prejudicial error in the record, the judgment is affirmed.

*Affirmed.*